JUDGE ENGELMAYER

PAWAR LAW GROUP P.C.
20 Vesey Street, Suite 1210
New York, New York 10007
212 571 0805 (phone)
*Attorneys for Plaintiff*

14 CV 4671

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ERICA DIAZ,

RECEIVED
JUN 25 2014
U.S.D.C. S.D. N.Y.
CASHIERS

                Plaintiff,

**COMPLAINT**

    -against-

Jury Demand

THE CITY OF NEW YORK,
JOHN and JANE DOES 1-10, et al.,

               Defendants.
-----------------------------------------------------------x

Plaintiff ERICA DIAZ (hereinafter "Plaintiff") by and through her attorney, Vik Pawar, Esq., respectfully alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for injunctive relief, compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1983, 1985 and 1988 for violations of her civil rights, as secured by statutes and the Constitution of the United States.

## JURISDICTION

2. The action is brought pursuant to 42 U.S.C. §1983, 1985 and 1988, and the First, Fourth and Fourteenth Amendments to the United States and New York Constitutions and under New York state laws.

3. Jurisdiction is found upon 28 U.S.C. §§1331 and 1343.

## VENUE

4. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff is a resident of the County of Bronx, State of New York.

7. At the date of the incident, November 27, 2013, plaintiff had owned a day-care called "Tiny-toons" for at least 4 years.

8. On November, 27, 2013, around 3 pm, plaintiff left her business to go to a pizza store to pick-up her order of pizza in her brand new 2014 BMW.

9. Plaintiff drove up to the pizza shop and pulled into a stop, which she believed to be a parking spot.

10. Two defendant NYPD officers in a marked car pulled alongside plaintiff's car and told her that she could not park there.

11. Plaintiff informed the officers that she was simply waiting for her pizza to be delivered and that she had no intentions of parking there.

12. Nevertheless, one of the officers got out of the NYPD car and proceeded to give plaintiff a ticket for parking in front of a fire-hydrant. The officers obviously

ignored the basic rules of parking in NYC (i.e. there is a difference between parking in front of a fire-hydrant and merely idling in front of said hydrant).

13. After the officers gave plaintiff the ticket, they suggested that she can now go inside and get the pizza herself.

14. Knowing that she already received a ticket and that she was just given permission to go and get her pizza, plaintiff left her car and went inside to pick-up her pizza.

15. The defendant officers followed her as she picked up her pizza and when she came outside, demanded to see her identification.

16. At this point, the defendant officers were verbally harassing plaintiff.

17. Even after she produced her identification, the harassment continued.

18. As a result of said harassment, plaintiff called 911 and report said harassment. The 911 operator repeatedly told her to call 311. When the operator for 311 got on the phone, she directed plaintiff to go to the local precinct (46th) and file a complaint.

19. Plaintiff then went to the 46th precinct at which point she received a call back from the 911 operator and stated that a supervisor "is at location of the incident." When plaintiff communicated that she was already at the precinct, she was advised to stay there and that the supervisor would come over and take the complaint.

20. Plaintiff was informing a female police officer who sits at the entrance of the precinct, that she was there to file a complaint.

21. At that point, a male officer at the desk dressed in white shirt told the female officer to bring plaintiff before him and to search her.

22. At about the same time, another male officer (who was supposedly the "supervisor at the scene") came in with the 2 officers who had stopped plaintiff and directed his sub-ordinates to arrest plaintiff.

23. The defendant officers falsely stated that plaintiff committed littering by throwing out the fire-hydrant ticket and falsely stated that plaintiff had a warrant for her arrest.

24. All the while no one bothered to ask plaintiff as to why she wanted to file a complaint.

25. Plaintiff was placed in a cell for 6-7 hours and then taken to central booking.

26. After spending over 20 hours in custody, she was brought before the judge who indicated that there was no warrant for plaintiff and released her.

27. Plaintiff fought the ticket for littering and the ticket was dismissed on April 23, 2014.

### AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest-Fourth Amendment)

28. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "27" with the same force and effect as if fully set forth herein.

29. There was no probable cause for the arrest or the continued incarceration

of Plaintiff, and as such the Defendants' acts resulted in violations of plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.

30. As a result of the aforementioned conduct of Defendants, Plaintiff's constitutional right to be free from unreasonable seizure was violated and she sustained physical, economic and emotional injuries.

## AS AND FOR A SECOND CAUSE OF ACTION
(Deprivation of Rights under the Fourteenth Amendment-Due Process)

31. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "31" with the same force and effect as if fully set forth herein.

32. The Defendants' conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment. The actions by Defendants deprived the substantive and procedural due process afforded to Plaintiff and was in violation of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.

33. As a result of the foregoing, Plaintiff was deprived of her liberty and property interests and right to procedural and substantive due process, causing economic and severe and permanent emotional and physical injuries.

## AS AND FOR A THIRD CAUSE OF ACTION
(*Monell*/Municipal Liability)

34. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

35. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

36. The aforementioned customs, policies, usages, practices, procedures and rules of the City and Police Department included, but were not limited to, arresting innocent individuals without any probable cause simply to generate overtime. In addition, the City and Police Department engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees, which was the moving force behind the violation of Plaintiff rights as described herein. The defendant City's lack of training for 911 and 311 operators, lead to a fractured dissemination of information from the callers. The 911 operator is unable to relay the exact reason for the call and the caller (in this case plaintiff calling about police harassment) is subjected to retaliation because of this fractured transmission.

37. In addition, the Defendant's superior officers whose duty it was to review and screen all arrests for propriety upon presentation by the arresting officer to the precinct and command desks routinely ratified such arrests without questioning the facts underlying same.

38. As a result of the failure of the City and Police Department to properly recruit, screen, train, discipline, and supervise its officers, including the individual Defendants, Defendants have tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

39. The foregoing customs, policies, usages, practices, procedures and rules of the Defendants constituted deliberate indifference to the safety, well-being and constitutional rights of Plaintiff and were the direct and proximate cause and the moving force of the constitutional violations suffered by Plaintiff as alleged herein.

## AS AND FOR A FOURTH CAUSE OF ACTION
(First Amendment- Retaliation)

40. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "40" with the same force and effect as if fully set forth herein.

41. Defendants targeted Plaintiff because she voiced her complaint against police harassment. But for her 911/311 calls to make a police report, plaintiff would not have been subjected to false arrest, false charges and malicious prosecution.

42. As a result of these actions, Plaintiff suffered injuries.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Negligence)

43. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph numbered "1" through "43" with the same force and effect as if fully set forth herein.

44. Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendants and their employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Conspiracy under 1985)

45. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46. Defendants targeted innocent people like the plaintiff and conspired with each other to concoct similar schemes in furtherance of the conspiracy to generate arrests numbers, meet quotas and gain financially through overtime generated from these types of bogus arrests.

47. Plaintiff suffered serious and permanent physical and emotional injuries.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Respondeat Superior)

48. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49. Defendant City is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Malicious Abuse of Process)

50. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51.  Defendants acted with malice when they arrested plaintiff for no reason and without any probable cause.

52.  Defendants abused the criminal process to violate the Plaintiff's civil rights knowing full well that she would have to endure the stigma of her arrest even after the arrest was voided.

53.  As a result of defendants' actions, Plaintiff suffered injuries.

**WHEREFORE**, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount Five Hundred Thousand Dollars for each and every cause of action for Plaintiff against defendants (individually or collectively) or as determined by a jury:

(B) punitive damages in an amount to be determined by a jury:

(C) reasonable attorney's fees and the costs, expenses and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
       June 25, 2014

                                    PAWAR LAW GROUP P.C.
                                    20 Vesey Street, Suite 1210
                                    New York, New York 10007
                                    (212) 571-0805

                                    By: _____
                                    Vik Pawar (VP9101)
                                    *Attorneys for Plaintiff*